NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| PHIBRO ANIMAL HEALTH U.S., INC. | : | |
| | : | Civ. No.03-2664 (GEB) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| CORNERSTONE AG PRODUCTS, | : | |
| | : | |
| Defendant. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of plaintiff, Phibro Animal Health U.S., Inc. ("Plaintiff"), to alter judgment pursuant to L.Civ. R. 58(a)(1).  Plaintiff seeks to alter the judgment against Cornerstone AG Products ("Defendant") pursuant to this Court's August 31, 2006 Order granting summary judgment of Plaintiff's Complaint and ordering judgment be entered in favor of Plaintiff in the amount of $140,400 plus past-due interest as set forth in the invoice, with post-judgment interest to accrue at the rate provided for by 28 U.S.C. § 1961.  Defendant objects to the calculation of the interest as submitted by Plaintiff.  The Court has reviewed and fully considered the parties' submissions and has decided the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, Plaintiff's request to alter the judgment is granted in part.

**I.  BACKGROUND**

On September 1, 2001, Plaintiff entered into a Distributorship Agreement with Defendant, under which Defendant became the exclusive distributor of Rumatel, Plaintiff's cattle and goat de-

wormer product, on a "goat specific" label only.  By invoice dated November 26, 2001, Plaintiff sent

a shipment of Rumatel to Defendant.  Defendant admits to accepting the shipment and reselling it

for a profit.  Defendant disputed the amount of the invoice, $140,400, and  refused to render

payment.

On or about June 3, 2003, Plaintiff filed its Complaint asserting claims of breach of contract,

unjust enrichment, account stated, and conversion, in addition to seeking a declaratory judgment that

the Distributorship Agreement expired by its own terms.  Defendant filed counterclaims, including

breach of contract with respect to the exclusivity provisions of the Distributorship Agreement and

intentional interference with prospective economic advantage, and sought reformation of the

contract, injunctive relief and restitution.  On April 25, 2006, Plaintiff filed a motion for summary

judgment regarding its Complaint and Defendant's counterclaims.  On August 31, 2006, this Court

granted Plaintiff's motion for summary judgment in its entirety, and ordered that judgment be

entered in favor of Plaintiff against Defendant in the amount of $140,400 plus past-due interest as

set forth in the invoice, with post-judgment interest to accrue at the rate provided for by 28 U.S.C.

§ 1961.

On September 13, 2006, Plaintiff filed this motion to alter judgment pursuant to L.Civ. R.

58(a)(1).  This motion set forth the calculation of pre- and post-judgment interest, claiming that the

past-due interest on all outstanding balances is $283,829.70 as of September 22, 2006. According

to Plaintiff, this interest amount, together with the $140,400 initial amount owed by Defendant, totals

$424,229.70.  Defendant, however, objects to Plaintiff's calculation of interest, claiming that

Plaintiff compounded the interest in violation of New Jersey law and the contract between the

parties.  Defendant claims that the pre- and post-judgment interest should have been calculated as

simple prejudgment interest, which Defendant claims to be $158,200.  Both Plaintiff and Defendant

agree that the terms of the invoice addressing interest are as follows:

> Service charge of 2% per month will be made on all past due balances
> of the maximum applicable by law.

According to Plaintiff, the November 26, 2001 invoice had net terms of 60 days, thus interest

would begin accruing on all outstanding balances as of January 27, 2002.  Plaintiff continues the

accrual of interest through September 22, 2006 and Defendant does not object to this period of time.

The Order granting summary judgment was entered on August 31, 2006.

## II.  DISCUSSION

### A.  Standard for Awarding Pre-Judgment Interest

"Principles of equity guide a court in determining whether prejudgment interest should be

awarded." Hatco Corp. v. W.R. Grace & Co., 849 F.Supp. 931, 980 (D.N.J. 1994)(citing Gilbert v.

Durand Glass Mfg. Co., 258 N.J. Super 320, 331 (App. Div. 1992)).   Prejudgment interest is

awarded "to compensate the plaintiff for loss of money earned if payment had not been delayed."

Id. (citing Ellmex Constr. Co. v. Republic Ins. Co., 202 N.J. Super. 195, 212-13 (App. Div. 1985)).

State law governs the award of pre-judgment interest in diversity cases.  Jarvis v. Johnson, 668 F.2d

740, 746 (3d Cir. 1982)(state pre-judgment interest rule should apply in diversity cases); Hayes v.

Cha 338 F.Supp. 2d 470, 512 (D.N.J. 2004).  The Court will look to New Jersey state law since this

is a diversity action.  Regarding compound interest, New Jersey state courts have found that it

"unduly hastens the accumulation of debt" and regard it as unfairly "harsh and oppressive."

Henderson v. Camden Cty. Mun. Util. Auth., 176 N.J.  554, 559-560 (N.J. 2003) (quoting

Abramowitz v. Washington Cemetery Assn'n, 139 N.J. Eq. 293, 296 (Ch. 1947)).  However, the

propriety of compounded prejudgment interest is left "to the informed discretion of the district courts." Datascope Corp. v. SMEC, Inc., No. 81-3948, 1988 U.S. Dist. LEXIS 9245, at *4-5 (D.N.J. Aug. 15, 1988)(quoting Gyromat Corp. v. Champion Spark Plug Co., 735 F.2d 549, 557 (Fed. Cir. 1984)).

    **B. <u>The Language of the Invoice and Principles of Equity Allow for Pre-Judgment Interest to be Compounded</u>**

The parties do not dispute that the invoice states a "*service charge of 2% per month will be made on all past due balances of the maximum applicable by law*." Plaintiff claims that this language means that the 2% service charge should be calculated monthly on all outstanding balances, which would include previously unpaid service charges added to the original invoice amount. Plaintiff supports its conclusion by noting that the language regarding the service charge does not state that interest will only apply to the original invoice amount, rather, it applies to all past due balances. Defendant argues that the invoice does not state that the service charge will be compounded, and that the use of the term "service charge" rather than "interest" demonstrates the amount is a monthly amount and not one to be computed on a compounded basis. Def.'s Br. at 3.

Examining the plain meaning of the invoice language and considering principles of fairness, this Court will uphold Plaintiff's computation which compounds the pre-judgment interest on a monthly basis. When determining whether contractual provisions are clear and unambiguous, terms should be accorded their "plain and ordinary meaning." Independent Oil Workers v. Mobil Oil Corp., 441 F.2d 651, 653 (3d Cir. 1971); Seindenberg v. Mutual Life Ins. Co., 949 F.Supp. 269, 276 (D.N.J. 1996). Ambiguity exists if such terms are "susceptible to two reasonably alternative interpretations." Nevets C.M. v. Nissho Iwai American Corp., 726 F.Supp. 525, 531 (D.N.J. 1989)

(citing <u>Mellon Bank v. Aetna Bus. Credit, Inc.</u>, 619 F.2d 1001, 1011 (3d Cir. 1980); <u>see also</u> <u>Pennbarr Corp. v. Insurance Co. of North America</u>, 976 F.2d 145, 151 (3d Cir. 1992). When determining whether a contract is ambiguous, a court "hear[s] the proffer of the parties and determine[s] if there [are] objective indicia that, from the linguistic reference point of the parties, the terms of the contract are susceptible of different meanings." <u>Sheet Metal Workers v. 2300</u> <u>Group, Inc.</u>, 949 F.2d 1274, 1284 (3d Cir. 1991)(quoting <u>Mellon Bank</u>, 619 F.2d at 1011). Before making a finding concerning the existence or absence of ambiguity, a court considers the contract language, the meanings suggested by counsel, and extrinsic evidence offered in support of each suggested interpretation. <u>International Union v. Mack Trucks, Inc.</u>, 917 F.2d 107, 111 (3d Cir. 1990); <u>see also</u> <u>Days Inns of Am., Inc. v. VNR, Inc.</u>, No. 98-2507, 1999 U.S. Dist. LEXIS 23434, at *16-18 (D.N.J. Mar. 23, 1999).

According to Plaintiff, the service charge is applied to all "past due balances." The contract does not specify whether the service charge will only be computed according to the original contract amount. The term "past due balance" implies an amount that could include charges other than simply the original invoice amount. In this case, with each delinquent month the past due balance increased by 2%. Therefore, based on the plain meaning of the contract, and an evaluation of both parties' arguments regarding the meaning of the interest rate provision, this Court finds that the pre-judgment interest has been properly calculated utilizing a compounded rate.

**C.  Post-Judgment Interest Should be Calculated According to 42 U.S.C. § 1961**

Additionally, this Court must address the post-judgment interest. According to this Court's August 31, 2006 Order, while the pre-judgment interest was to be computed according to the invoice, the post-judgment interest was to be computed according to 42 U.S.C. § 1961. This statute states

that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court

. . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the

weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of

the Federal Reserve System, for the calendar week preceding the date of judgment."  42 U.S.C. §

1961(a).  Further, "[i]nterest shall be computed daily to the date of payment except as provided in

section 2516(b) of this title [28 USCS § 2616(b) and section 1304(b)(1) of title 31, and shall be

compounded annually."  42 U.S.C. § 1961(b).

Here, the parties have continued to calculate the post-judgment interest at the same 2%

interest rate provided by the invoice.  The Court's previous Order directed the parties to utilize the

statutory calculation when assessing post-judgment interest. Therefore, the parties are directed to re-

calculate the post-judgment interest pursuant to 42 U.S.C. § 1961, as set forth in this Court's August

31, 2006 Order.


**III. CONCLUSION**

For the foregoing reasons, Plaintiff's request to enter judgment is granted in part, and the

parties are directed to re-calculate the post-judgment interest pursuant to 42 U.S.C. § 1961.  An

appropriate form of order accompanies this Memorandum Opinion.


Dated: December 18, 2006

            s/ Garrett E. Brown, Jr.
            GARRETT E. BROWN, JR., U.S.D.J.